**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

NEOMEDIA TECHNOLOGIES, INC.,

       Plaintiff,

v.

                            Judge

TACO BELL CORP.,

                            **Jury Trial Demand**

       Defendant.

**COMPLAINT**

      Plaintiff NeoMedia Technologies, Inc. for its Complaint for patent infringement against Defendant Taco Bell Corp., alleges as follows:

**PARTIES**

      1.     Plaintiff NeoMedia Technologies, Inc. ("NeoMedia") is a Delaware corporation with its principal place of business at 100 West Arapahoe Avenue, Suite 9, Boulder, Colorado 80302.

      2.     NeoMedia is the owner of record and assignee of US Patent No. 6,199,048 ("the '048 Patent") and US Patent 8,131,597 ("the '597 Patent") (collectively, the "Asserted Patents"). NeoMedia has and has had the exclusive right to enforce and collect damages for infringement of the Asserted Patents during all relevant time periods.

      3.     On information and belief, Defendant Taco Bell Corp. ("Taco Bell") is a subsidiary of Yum! Brands, Inc., organized and existing under the laws of the State of California, having its principal place of business at 17901 Von Karman Avenue, Irvine,

CA 92614, and having a place of business at 15450 E. 104th Ave, Commerce City, CO 80022.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and more particularly 35 U.S.C. § 271.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Personal jurisdiction over the defendant is proper under C.R.S. § 13-1-124 and the United States Constitution because this action arises from the Defendant's commission of at least (a) transacting business and (b) committing the complained of tortious acts within this jurisdiction.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) and 1400 (b).

## BACKGROUND

8. NeoMedia is a leader in 2-dimensional ("2D") barcode technology and infrastructure solutions. NeoMedia's platform technology enables consumers easy and quick access to information by scanning mobile barcodes with camera phones.

9. NeoMedia provides a barcode scanner application, the NeoReader, which allows users to scan multiple types of 1-Dimensional ("1D"), such as Uniform Product Codes ("UPC") and 2D barcodes, such as Quick-Response Codes ("QR Codes").

10. NeoMedia's mobile barcode technology and platform has been used by brands such as Scholastic, Plews & Edelmann, LG Electronics, L'Oreal, Realtree and Kodak to power their respective mobile barcode campaigns.

## THE PATENTS-IN-SUIT

11. On March 6, 2001, the '048 Patent, entitled "System and Method for Automatic Access of a Remote Computer Over a Network" was duly and legally issued by the United States Patent and Trademark Office ("the USPTO").

12. The claims of the '048 Patent were subjected to two ex parte reexaminations before the USPTO. The first reexamination was instituted on July 26, 2007 ("the 2007 Reexamination"), and resolved on June 9, 2009, when the USPTO issued an Ex Parte Reexamination Certificate (6867th). The second reexamination was instituted on September 20, 2010 ("the 2010 Reexamination"), and resolved on September 6, 2011, with the USPTO issued an Ex Parte Reexamination Certificate (8519th). A true and correct copy of the '048 Patent, and its two Ex Parte Reexamination Certificates is attached as Exhibit A.

13. On March 6, 2012, the '597 Patent, entitled "System and Method for Using an Ordinary Article of Commerce to Access a Remote Computer" was duly and legally issued by the USPTO. A true and correct copy of the '597 Patent is attached as Exhibit B.

14. The '048 patent has been asserted in several previous patent infringement lawsuits, each of which resolved by default judgment in favor of NeoMedia or by the accused defendants agreeing to enter license agreements with NeoMedia. These previous actions include: NeoMedia Technologies, Inc. v. Virgin, Inc. et al, Case No. 04 CV 00021, (N.D. Ill.); NeoMedia Technologies, Inc. v. LScan, Inc., Case No. 04 CV 2307 (E.D. Pa.); NeoMedia Technologies, Inc. v. AirClic, Inc., Case No. 04 CV 1692 (E.D.

Pa.), and NeoMedia Technologies, Inc. v. SpyderLynk, LLC, Case No. 12 CV 00939 (D. Co.).

15. NeoMedia has licensed the Patents-In-Suit to a several of providers of QR code services.

16. In addition to the licenses discussed above, NeoMedia has licensed its valuable intellectual property, including the '048 and '597 patents, to other companies including Kraft Foods, Microsoft, Progressive Insurance, and Mondelez Global LLC.

## THE DEFENDANT TACO BELL

17. According to its website, Defendant Taco Bell describes itself as "the nation's leading Mexican-inspired quick service restaurant," having "more than 350 franchise organization[s]" and "nearly 6,000 restaurants across the United States that proudly serve more than 36 million customers every week."

18. On information and belief, Defendant Taco Bell implements its marketing strategies at least by publishing or causing to be published advertisements featuring QR Codes in order to capitalize in the form of added value to its brand.

## TACO BELL'S AWARENESS OF THE ASSERTED PATENTS

19. Taco Bell has been expressly aware of the '048 Patent no later than October 21, 2011, when NeoMedia, through its counsel, notified Taco Bell's in house counsel of the '048 Patent and US Patent No. 5,978,773 (the parent patent to the Asserted Patents) and offered Taco Bell the opportunity to license the patents.

20. Taco Bell has been expressly aware of the '597 Patent no later than April 3, 2012, when NeoMedia, through its counsel, notified Taco Bell's outside counsel of the '597 Patent and offered Taco Bell the opportunity to license the patent.

21. Additional correspondence and communications have taken place among the parties, but Taco Bell has never agreed to take a license and has never demonstrated why it believes a license is not necessary.

## FACTS REGARDING TACO BELL'S INFRINGEMENT

22. Taco Bell's QR Code advertisements and/or product packaging are an example of machine-readable codes that enable users to connect with webservers at particular Internet addresses that are linked indirectly with specific codes.

23. Taco Bell does cause and has caused advertisements and/or product packaging to be published to the general public intending to strengthen the value of its brand, featuring at least one QR Code.

24. Taco Bell publishes and has published these advertisements and/or product packaging on behalf of its brand in order to instruct users to scan the QR Code provided by Taco Bell with a free barcode reader.

## ALLEGATIONS RELATING TO WILLFUL INFRINGEMENT

25. Defendant Taco Bell has been aware of the '048 Patent since at least as early as October 21, 2011, when NeoMedia sent Taco Bell a letter offering to license NeoMedia's patent portfolio.

26. Defendant Taco Bell has been aware of the '597 Patent since at least as early as April 3, 2012, when NeoMedia sent Taco Bell a letter offering to license NeoMedia's patent portfolio.

27. Despite specific knowledge of the claims of the Asserted Patents, Taco Bell was objectively reckless in continuing to engage in actions that indirectly infringe

the Asserted Patents. Taco Bell knew or should have known that there was an objectively high likelihood that its actions constituted infringement of a valid patent.

## COUNT I: INFRINGEMENT OF THE '048 PATENT

28. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 26 of this Complaint as though set forth fully herein.

29. To the extent that Taco Bell has sponsored QR campaigns with any provider not licensed by NeoMedia, by making, using, selling, or offering for sale in this judicial district and elsewhere in the United States, without authorization or license from NeoMedia, QR Codes that are covered by one or more claims of the '048 patent, Defendant Taco Bell has been and is currently infringing the '048 Patent by inducement and/or contributorily in violation of 35 U.S.C. §271 (b), and/or (c).

30. Taco Bell, through previous correspondence from NeoMedia, and based upon this Complaint, is actually aware of the '048 patent and what acts constitute infringing conduct.

31. With this knowledge, Taco Bell has intentionally taken active steps to cause, urge, encourage, or aid others' direct infringement of the '048 Patent with knowledge of that infringement, such as by advertising and distributing the Taco Bell QR Codes, including instructions on how to use the QR Codes, by which Taco Bell specifically intended to cause, urge, encourage, or aid others to directly infringe the '048 Patent.

32. These active steps caused, urged, encouraged, or aided others to use Taco Bell's QR Codes in a manner that employs and/or embodies the claims of the '048 Patent by meeting each and every element of one or more of the claims, including putting the

6

invention into service, i.e., controlling the system as a whole and obtaining benefit from it.

33. By making and/or using QR codes that indirectly link to a webserver, Taco Bell is making and/or using QR codes that are material to practicing the '048 Patent's invention.

34. Taco Bells's QR codes that indirectly link to a webserver are especially made or especially adapted to indirectly link to a webserver.

35. Taco Bell's QR codes that indirectly link to a webserver have no substantial non-infringing uses.

36. By making and/or using the QR codes that indirectly link to a webserver, Taco Bell specifically intended its customers to infringe the '048 Patent and knew that the customers' acts constituted infringement.

37. On information and belief, Taco Bell's conduct is willful and deliberate.

38. As a direct and proximate result of Taco Bell's acts of patent infringement, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

39. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of Taco Bell's acts of patent infringement.

## COUNT II: INFRINGEMENT OF THE '597 PATENT

40. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 26 and 28 through 38 of this Complaint as though set forth fully herein.

41. To the extent that Taco Bell has sponsored QR campaigns with any provider not licensed by NeoMedia, by making, using, selling, or offering for sale in this

judicial district and elsewhere in the United States, without authorization or license from NeoMedia, QR Codes that are covered by one or more claims of the '597 patent, Defendant Taco Bell has been and is currently infringing the '597 Patent by inducement and/or contributorily in violation of 35 U.S.C. §271(a), (b), and/or (c).

42. Taco Bell, through previous correspondence from NeoMedia, and based upon this Complaint, is actually aware of the '597 patent and what acts constitute infringing conduct.

43. With this knowledge, Taco Bell has intentionally taken active steps to cause, urge, encourage, or aid others' direct infringement of the '597 Patent with knowledge of that infringement, such as by advertising and distributing the Taco Bell QR Codes, including instructions on how to use the QR Codes, by which Taco Bell specifically intended to cause, urge, encourage, or aid others to directly infringe the '597 Patent.

44. These active steps caused, urged, encouraged, or aided others to use Taco Bell's QR Codes that employs and/or embodies the claims of the '597 Patent by meeting each and every element of one or more of the claims of the '597 Patent, including putting the invention into service, i.e., controlling the system as a whole and obtaining benefit from it.

45. By making and/or using QR codes that indirectly link to a webserver, Taco Bell is making and/or using QR codes that are material to practicing the '597 Patent's invention.

46. Taco Bell's QR codes that indirectly link to a webserver are especially made or especially adapted to indirectly link to a webserver.

47. Taco Bell's QR codes that indirectly link to a webserver have no substantial non-infringing uses.

48. By making and/or using the QR codes that indirectly link to a webserver, Taco Bell specifically intended its customers to infringe the '597 Patent and knew that the customers' acts constituted infringement.

49. On information and belief, Taco Bell's conduct is willful and deliberate.

50. As a direct and proximate result of Taco Bell's acts of patent infringement, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

51. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of Taco Bell's acts of patent infringement.

### REQUEST FOR RELIEF

WHEREFORE, NeoMedia requests that this Court enter judgment:

A. Adjudging, finding and declaring that Taco Bell has indirectly infringed (both via induced infringement and contributory infringement) the asserted claims of each of the Patents-In-Suit under 35 U.S.C. §271;

B. Adjudging, finding and declaring that Taco Bell's infringement is willful and deliberate;

C. Ordering Taco Bell to pay NeoMedia an amount that, as adequately as possible, compensates NeoMedia for Taco Bell's infringement, in no event less than a one-time fully paid up reasonable royalty fee;

D. Ordering Taco Bell to pay court costs, pre-judgment interest, post-judgment interest, and attorneys' fees under 35 U.S.C. §§284 and 285;

E. Finding that this is an "exceptional" case pursuant to 35 U.S.C. §285, and awarding enhanced damages up to and including treble the amount of damages and the payment of attorneys' fees; and

F. Granting NeoMedia such other and further relief as is just and proper, or as the Court deems appropriate.

## JURY DEMAND

NeoMedia demands a trial by jury on all issues that may be so tried.

Dated: April 2, 2013                    Respectfully submitted,

/s/ Alexander J. Debski

David Berten (dberten@giplg.com)
Cindy Ahn (cahn@giplg.com)
Alexander Debski (adebski@giplg.com)
Global IP Law Group, LLC
123 N. Wacker Drive, Suite 2350
Chicago, IL 60606
T: (312) 241-1500
F: (312) 241-1522

Attorneys for Plaintiff NeoMedia Technologies, Inc.